

FILED

APR 20 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

STATE FARM FIRE AND CASUALTY
COMPANY,

      Plaintiff,

v.

                                Action No. 4:10cv99

JONATHAN E. FRANK, et al.,

      Defendants.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on cross-motions for summary judgment (ECF Nos. 15, 19). Both motions have been referred to the undersigned United States Magistrate Judge for a recommended disposition pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference entered January 28, 2011 (ECF No. 23). For the reasons stated herein, the Court recommends that Plaintiff's Motion for Summary Judgment (ECF No. 15) be GRANTED, and that Defendants' Cross-Motion for Summary Judgment (ECF No. 19) be DENIED.

### I. BACKGROUND

This is an action for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Judgment Act, 28 U.S.C. § 2201. The parties seek a declaration

from the Court determining whether an insurance policy issued by the plaintiff, State Farm Fire & Casualty Company ("State Farm"), covers certain claims asserted in a state civil action by defendant Natalie Clark against State Farm's insured, defendant Jonathan E. Frank, requiring State Farm to defend and indemnify Frank and his employee, defendant Moti Marziano, as to these underlying claims.

State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois. Defendants Frank, Marziano, and Clark are each residents of the Commonwealth of Virginia. Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, the Court has proper jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

On August 16, 2010, State Farm initiated this action by filing a Complaint for Declaratory Judgment against Frank, its insured, Marziano, an employee of Frank, and Clark, the plaintiff in an underlying state civil action against Frank and Marziano. ECF No. 1. On November 8, 2010, the Clerk entered a default against defendant Clark for failure to plead or otherwise defend, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 11. On December 22, 2010, State Farm filed a motion for summary judgment, along with a supporting memorandum. ECF Nos. 15-16. On January 13, 2011, defendants Frank and Marziano filed their joint response to State Farm's motion for summary judgment, along with a

cross-motion for summary judgment. ECF Nos. 18-19. On January 18, 2011, State Farm filed its response to the defendants' cross-motion for summary judgment, and a rebuttal brief on its own motion. ECF Nos. 20-21. On February 25, 2011, the Court heard argument on both motions and took them under advisement.

## A. The State Court Complaint

On February 2, 2010, Clark filed an action against Frank and Marziano in the Circuit Court of Newport News, Virginia. On April 5, 2010, Clark filed an amended complaint in the state civil action. In her amended complaint, Clark asserted various claims related to her employment as an interior designer at Bay Design, a sole proprietorship owned and operated by Frank, which began in February 2008 and terminated in December 2009. The amended complaint alleged claims of battery and intentional infliction of emotional distress against both Marziano and Frank, and claims of wrongful discharge, breach of contract, and negligent hiring and retention against Frank alone.[1]

In essence, the amended complaint alleged that Marziano, an architect employed by Frank at Bay Design, repeatedly made unwanted sexual advances toward Clark, made lewd remarks about her, displayed pornography to her in the workplace, exposed himself to her, and physically touched Clark in a sexual manner as often as

---

[1] The claims of battery and intentional infliction of emotional distress against Frank are based on a respondeat superior theory of liability.

two or three times a day over the course of several months. Clark allegedly complained about Marziano's conduct to Frank, but Frank took no corrective action, blaming Clark for Marziano's conduct instead. The amended complaint further alleged that Frank knew that Marziano had a history of sexual harassment when he was hired, that Frank knew or should have known that Marziano used company funds to pay for prostitutes, that Frank at one time actually provided Marziano with financial assistance in defending himself against a criminal charge of soliciting prostitution, and that Frank personally observed Marziano's sexually harassing conduct toward Clark, but Frank nevertheless failed to take any corrective action. Ultimately, Clark alleged that she was discharged or constructively discharged from her employment at Bay Design as a result of Marziano's continuing conduct.

## B. The Insurance Policy

During the time period concerned, Frank, doing business as Bay Design, was the holder of a Business Policy issued by State Farm. Among other coverage types, the policy provided comprehensive business liability coverage to Frank.[2]

---

[2] The Business Policy issued to Frank consists of a two-page Declarations Page, Special Form 3 (State Farm Form No. FP-6103, dated 5/89), and a number of policy endorsements (each identified by form number on the Declarations Page), some of which amend certain provisions originally set forth in Special Form 3. All provisions pertinent to the instant cross-motions for summary judgment, however, are contained in Special Form 3 itself. See generally Compl. Ex. C, ECF No. 1.

Under the policy, State Farm agreed to "pay those sums the insured becomes legally obligated to pay as damages because of bodily injury . . . to which this policy applies." Compl. Ex. C, Business Policy – Special Form 3, at 20, ECF No. 1. The policy further provides that State Farm has a "duty to defend any claim or suit seeking damages payable under this policy" at its own expense. Id. at 20-21.

The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person." Id. at 30. The policy applies only to "bodily injury" caused by an "occurrence," which in turn is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury." Id. at 20, 32.

The policy defines the "insured" as the individual designated on the policy's Declarations Page (defendant Frank) and his "employees . . . but only for acts within the scope of their employment." Id. at 27. Moreover, the policy provides that "no employee is an insured for . . . bodily injury . . . to a fellow employee while in the course of his or her employment." Id.

The policy also contains an express exclusion from coverage, Business Liability Exclusion No. 5, which provides that the policy does not apply:

> 5. to bodily injury . . . :
>
>     a. to an employee of the insured arising out of and in the course of employment, or the termination of employment, by the insured . . . ; or
>
>     b. arising out of any:
>
>         (1) refusal to employ;
>
>         (2) termination of employment;
>
>         (3) coercion, demotion, evaluation, reassignment, discipline, defamation, harrassment [sic], humiliation, discrimination or other employment-related practices, policies, acts or omissions; or
>
>         (4) consequential bodily injury . . . as a result of (1), (2) and (3) above.
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

Id. at 22.

## II. **MOTION FOR SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. In deciding

a summary judgment motion, the Court must view the record as a whole and in the light most favorable to the nonmovant. Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the nonmovant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." Anderson, 477 U.S. at 251-52.

When confronted with cross-motions for summary judgment, "the standards upon which the court evaluates the motions for summary judgment do not change." Taft Broad. Co. v. United States, 929 F.2d 240, 248 (6th Cir. 1991). "[T]he Court must review each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (quoting Philip Morris Inc. v. Harshbarger, 122 F.3d 58, 62 n.4 (1st Cir. 1977)). The mere fact that both sides have moved for summary judgment does not establish that no genuine dispute of material fact exists, thus requiring that judgment be granted to one side or the other. See Worldwide Rights Ltd. P'ship v. Combe Inc., 955 F.2d 242, 244 (4th

Cir. 1992); Am. Fid. & Cas. Co. v. London & Edinburgh Ins. Co., 354 F.2d 214, 216 (4th Cir. 1965). Even if the basic facts are in dispute, the parties may nevertheless disagree as to the inferences that reasonably may be drawn from them, in which case summary judgment may be inappropriate, necessitating the denial of both motions. See Am. Fid. & Cas. Co., 354 F.2d at 216.

### III. ANALYSIS

#### A. Choice of Law

When sitting in diversity jurisdiction, this Court must apply Virginia choice-of-law rules to determine which state's substantive rules apply. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941); Am. Online, Inc. v. St. Paul Mercury Ins. Co., 347 F.3d 89, 92-93 (4th Cir. 2003). Under Virginia law, issues of insurance coverage are controlled by the law of the place where the contract of insurance was delivered to the insured. See Seabulk Offshore, Ltd. v. Am. Home Assurance Co., 377 F.3d 408, 419 (4th Cir. 2004). In this case, the policy at issue was delivered to the insured, defendant Frank, at his business address in Newport News, Virginia. See Compl. Ex. C, Declarations Page, ECF No. 1. The parties do not dispute that the substantive law of Virginia controls. Accordingly, the Court FINDS that Virginia law controls the interpretation of the insurance contract at issue in this case.

- 8 -

## B. **Abstention**

At the invitation of the Court,[3] Frank and Marziano move for summary judgment on the ground that this Court should, in its sound discretion, decline to exercise jurisdiction in this matter and dismiss the case in favor of a state court determination of coverage. State Farm opposes Frank and Marziano's motion for summary judgment on abstention grounds.

The Court has jurisdiction to hear this action pursuant to the Declaratory Judgment Act, which provides in relevant part that, in a case or controversy otherwise within the Court's jurisdiction,[4] the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right on the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

---

[3] At a status conference on November 22, 2010, the Court inquired whether this case might be better heard in state court. Both sides have addressed this question fully in their briefs.

[4] As noted above, this Court has subject matter jurisdiction over this action due to diversity of citizenship among the parties, pursuant to 28 U.S.C. § 1332.

"[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)). But "considerations of federalism, efficiency, and comity" will inform a court's decision whether to exercise jurisdiction over a declaratory judgment action. See Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994).

To determine whether to proceed with a federal declaratory judgment action when a parallel state action is pending, the Fourth Circuit has identified four factors to guide the Court in its analysis. These so-called "Nautilus factors" include:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493-94 (4th Cir. 1998) (quoting Nautilus, 15 F.3d at 377).

## 1. **State Interest**

On the first Nautilus factor, the defendants simply state, without any further support or argument, that "Virginia has a strong interest in resolving state law insurance coverage issues in its courts." Defs.' Resp. to Pl.'s Mot. 3, ECF No. 18; Defs.' Mem. in Supp. of Defs.' Cross-Mot. 3, ECF No. 19.

But if this Court were to abstain with respect to the coverage issues presented in this case, deferring instead to the underlying state civil action filed by Clark against Frank and Marziano, it would not advance the state's interests significantly, inasmuch as: (1) the contractual coverage issues presented in this case will not be decided by the state court case currently pending; and (2) State Farm is not a party to that case. See Penn-America Ins. Co. v. Coffey, 368 F.3d 409, 414 (4th Cir. 2004).

Moreover, the Fourth Circuit has held that "the State's interest is 'not particularly significant' where any state law issues are standard and 'unlikely to break new ground.'" Id. "For the state's interest to be 'compelling,' the questions of state law must rise to the level of 'difficult, complex, or unsettled.'" Am. Nat'l Prop. & Cas. Co. v. Weese, 863 F. Supp. 297, 300 (S.D.W. Va. 2004) (quoting Nautilus, 15 F.3d at 378). The dispositive coverage issues in this case are: (1) whether Marziano is an "insured" under the policy with respect to his workplace conduct that allegedly caused bodily injury to a fellow employee; (2) whether the conduct

of Marziano and Frank constitutes a covered "occurrence" inasmuch as their actions were intentional rather than accidental; and (3) whether Clark's injuries arose out of and in the course of her employment, such that coverage is precluded by Business Liability Exclusion No. 5. Each of these issues involves the routine application of settled principles of law to undisputed facts (i.e., Clark's state court complaint and Frank's insurance policy). None appears to be difficult, complex, or unsettled in any way, nor is this Court's ruling on these issues likely to "break new ground."

Accordingly, the Court concludes that Virginia lacks a strong interest in having these coverage issues decided by its own courts, and therefore this first Nautilus factor weighs against abstention.

## 2. **Efficiency**

On the second Nautilus factor, the defendants suggest that the state courts "may indeed be more efficient" than the federal courts because discovery in the underlying state court case will permit State Farm and Frank to better determine whether the claims asserted by Clark are covered. Defs.' Resp. to Pl.'s Mot. 3, ECF No. 18; Defs.' Mem. in Supp. of Defs.' Cross-Mot. 3, ECF No. 19.

But the duty-to-defend question at issue in this coverage case does not require the Court to resolve factual questions at all. See Penn-America, 368 F.3d at 413. Under Virginia law, "[d]etermination of whether an insurer has a duty to defend requires examination of (1) the policy language to ascertain the

terms of the coverage and (2) the underlying complaint to determine whether any claims alleged therein are covered by the policy." Fuisz v. Selective Ins. Co. of Am., 61 F.3d 238, 242 (4th Cir. 1995). The pertinent insurance policy and underlying state court complaint were attached to the Complaint for Declaratory Judgment. There is no dispute as to the accuracy or completeness of either document. Accordingly, there is no need for any discovery to resolve the duty-to-defend issue, and the availability of discovery on the underlying claims in state court would add nothing to the efficient handling of this dispute.

Moreover, as the Fourth Circuit has observed:

> In evaluating these efficiency concerns, the Supreme Court has directed us to focus primarily on "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding[s]" that are already "pending in the state court[s]." This in turn requires careful inquiry into "the scope of the pending state court proceeding[s]," including such matters as "whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding."

Nautilus, 15 F.3d at 378-79 (quoting Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942)) (alterations in original). First, the claims at issue in the underlying state civil action are distinct from those at issue in this declaratory judgment action: In the state civil action, Clark seeks damages from Frank and Marziano for

- 13 -

breach of contract and various tort claims; in this federal declaratory judgment action, State Farm seeks a declaration of its obligation, or the absence thereof, to defend Frank and Marziano against Clark's claims based under the terms of an insurance policy it issued to Frank. See Weese, 863 F. Supp. at 301. Second, State Farm is not a party to the underlying state civil action, and it is unclear whether it could intervene or be joined to permit that state court to decide the coverage issues as well as Clark's contract and tort claims. See Penn-America, 368 F.3d at 414; Weese, 863 F. Supp. at 301. Accordingly, the Court concludes that dismissing this federal coverage case would do nothing to advance the cause of efficiency, and therefore the second Nautilus factor weighs against abstention.

### 3. Overlapping Issues / Entanglement

On the third Nautilus factor, the defendants address the entanglement issue with a non sequitur, noting that, although a coverage declaration would resolve the issues between State Farm and Frank, its insured, it would not resolve "the entire matter," and suggesting that "efficiency and judicial economy" support dismissal in favor of intervention by State Farm in the state court proceeding to obtain a coverage ruling. Defs.' Resp. to Pl.'s Mot. 4, ECF No. 18; Defs.' Mem. in Supp. of Defs.' Cross-Mot. 4, ECF No. 19. For the reasons expressed above, the Court finds that dismissal would do nothing to advance the cause of efficiency.

- 14 -

In any event, entanglement is a concern "where many of the issues of law and fact sought to be adjudicated in the federal declaratory action are already being litigated by the same parties in the related state court action." Nautilus, 15 F.3d at 379. But there are no overlapping issues of law or fact in this case. As noted above, the underlying state civil action concerns the potential liability of Frank and Marziano for their workplace conduct with respect to Clark, and any resultant damages that may be awarded; this federal declaratory judgment action concerns the scope of State Farm's contractual obligation to defend Frank and his employee, Marziano, the resolution of which will depend solely upon the language of the insurance policy at issue and the allegations of the underlying state court complaint, without reference to any further discovery or fact-finding that may occur in the underlying state civil action. Accordingly, the Court concludes that there are no overlapping issues of law or fact that might create unnecessary entanglement between this federal declaratory judgment action and the underlying state civil action, and therefore the third Nautilus factor weighs against abstention.

## 4. Procedural Fencing

On the fourth Nautilus factor, the Court must consider whether the instant federal declaratory judgment action is merely the product of forum shopping (i.e., mere "procedural fencing"). The Court's analysis focuses on whether "a party has raced to the

federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum." Nautilus, 15 F.3d at 380. In addition, the Court must determine whether there is "any indication that this declaratory action was filed in an effort to obtain a federal forum in a case not otherwise removable." Id. But if an "action was filed in an entirely proper effort to obtain prompt resolution of a dispute over a liability insurer's obligation to defend and indemnify its insured against certain . . . claims then being pressed against it in state court," it likely is not the product of forum shopping or procedural fencing. Id.

The defendants contend that, in filing this declaratory judgment action in federal court, State Farm was engaged in procedural fencing. In support, the defendants note that Clark's underlying state action against Frank and Marziano is not removable to federal court on federal question or diversity grounds, and cite the Fourth Circuit's decision in Mitcheson v. Harris, 955 F.2d 235 (4th Cir. 1992), suggesting once again that the underlying state civil action and this federal declaratory judgment action involve the "same basic controversy and . . . many of the same issues." Defs.' Resp. to Pl.'s Mot. 4, ECF No. 18; Defs.' Mem. in Supp. of Defs.' Cross-Mot. 4, ECF No. 19.

But the defendants' reliance on Mitcheson is misplaced. In Mitcheson, the Fourth Circuit held that a district court should

have declined to exercise jurisdiction over a coverage dispute governed by Maryland law. See Mitcheson, 955 F.2d at 237. Unlike Virginia law, in which determination of an insurer's duty to defend is based solely upon the insurance policy and the allegations set forth in the underlying complaint, see Fuisz, 61 F.3d at 242, under Maryland law, an insured may also rely on extrinsic evidence to establish an insurer's duty to defend. See Aetna Cas. & Sur. Co. v. Cochran, 651 A.2d 859, 863-66 (Md. 1995). Thus, in Mitcheson, the Fourth Circuit held that abstention was proper where a federal coverage action involved overlapping issues of fact and law with the underlying tort action in Maryland state court, and where the issues of Maryland state law were "close" and "difficult[]." See Mitcheson, 955 F.2d at 239-40. As noted above, there are no overlapping issues of law or fact in this case, and the legal issues in this case are not difficult, complex, or unsettled in any way.

Accordingly, the Court concludes that the instant federal declaratory judgment action was filed by State Farm in an entirely proper effort to obtain prompt resolution of a dispute over its obligation to defend and indemnify Frank and Marziano against certain claims asserted against them in state court, without any indication that this action is the product of forum shopping or procedural fencing, and therefore the fourth Nautilus factor weighs against abstention.

- 17 -

\* \* \*

Having considered each of the four <u>Nautilus</u> factors, and finding that each of them weighs against abstention, the Court recommends that Defendants' Cross-Motion for Summary Judgment (ECF No. 19) be DENIED and the Court decline to abstain from exercising jurisdiction over the claims for relief presented in this declaratory judgment action.

## C. **Coverage Issues**

State Farm moves for summary judgment on the ground that it has no duty to defend or indemnify either Frank or Marziano, based upon the allegations of the underlying state court complaint. In particular, State Farm asserts that: (1) Marziano is not an "insured" under the policy with respect to his workplace conduct that allegedly caused bodily injury to a fellow employee; (2) the conduct of Marziano and Frank does not constitutes a covered "occurrence" inasmuch as their actions were intentional rather than accidental; and (3) Clark's injuries arose out of and in the course of her employment, such that coverage is precluded by Business Liability Exclusion No. 5.

"Under Virginia law, an insurer's obligation to defend an action 'depends on comparison of the policy language with the underlying complaint to determine whether any claims alleged [in the complaint] are covered by the policy.'" <u>Am. Online</u>, 347 F.3d at 93 (quoting <u>Superperformance Int'l, Inc. v. Hartford Cas. Ins.</u>

Co., 332 F.3d 215, 220 (4th Cir. 2003)) (alteration in original). This analysis is referred to as the "eight corners rule"—looking no further than the "four corners" of the insurance policy and the "four corners" of the underlying complaint. Erie Ins. Exch. v. State Farm Mut. Auto. Ins. Co., 60 Va. Cir. 418, 423 (2002). In addition, "[t]he duty to defend is broader than the duty to indemnify because 'it arises whenever the complaint alleges facts and circumstances, some of which, if proved, would fall within the risk covered by the policy.'" Res. Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 636 (4th Cir. 2005) (quoting Brenner v. Lawyers Title Ins. Corp., 397 S.E.2d 100, 102 (Va. 1990)). But "if it appears clearly that the insurer would not be liable under its contract for any judgment based upon the allegations, 'it has no duty even to defend.'" Brenner, 397 S.E.2d at 102 (quoting Travelers Indem. Co. v. Obenshain, 245 S.E.2d 247, 249 (1978)).

Virginia law further provides that "an insurance policy is a contract to be construed in accordance with the principles applicable to all contracts." Seabulk, 377 F.3d at 419 (citing Graphic Arts Mut. Ins. Co. v. C.W. Warthen Co., 397 S.E.2d 876, 877 (Va. 1990)). Accordingly, "[u]nder Virginia law, if policy language is clear and unambiguous, we do not apply rules of construction; rather, we give the language its plain and ordinary meaning and enforce the policy as written." Id. (citing P'ship

- 19 -

Umbrella, Inc. v. Fed. Ins. Co., 530 S.E.2d 154, 160 (Va. 2000)).

If the Court finds ambiguity "and the intentions of the parties cannot be ascertained, the policy must be construed strictly against the insurer and liberally in favor of the insured." Id. (citing St. Paul Fire & Marine Ins. Co. v. S.L. Nusbaum & Co., 316 S.E.2d 734, 736 (Va. 1984)).

Finally, it is the insured who bears the initial burden of proving coverage under Virginia law. Res. Bankshares, 407 F.3d at 636 (citing Furrow v. State Farm Mut. Auto. Ins. Co., 375 S.E.2d 738, 740 (Va. 1989), and Md. Cas. Co. v. Cole, 158 S.E. 873, 876 (Va. 1931)). The insurer has a concomitant burden of proving that an exclusion applies. Bohreer v. Erie Ins. Group, 475 F. Supp. 2d 578, 585 (E.D. Va. 2007) (citing Town Crier Inc. v. Hume, 721 F. Supp. 99, 101 (E.D. Va. 1989), and Johnson v. Ins. Co. of N. Am., 350 S.E.2d 616, 619 (Va. 1986)).

With these principles of Virginia law in mind, the Court turns to plaintiff State Farm's motion for summary judgment.

### 1. Whether Marziano Is an "Insured" Employee

State Farm first contends that Marziano is not an "insured" under the policy with respect to the underlying complaint inasmuch as it alleges misconduct that occurred "within the course and scope of his employment," and that both he and Clark were employees of Frank at all relevant times. Pl.'s Mem. in Supp. 14, ECF No. 16;

see also Compl. Ex. B ¶¶ 1-4, ECF No. 1.   The defendants' responsive brief does not respond on this issue.

As noted above, the policy obligates State Farm to defend and indemnify its "insured" to the extent the insured "becomes legally obligated to pay as damages because of bodily injury . . . to which this policy applies." Compl. Ex. C, Business Policy – Special Form 3, at 20, ECF No. 1.  It further defines "insured" to include not only Frank, but also his employees, "but only for acts within the scope of their employment," provided that "no employee is an insured for . . . bodily injury . . . to a fellow employee while in the course of his or her employment." Id. at 27.

The amended complaint filed by Clark in the underlying state civil action clearly alleges that all acts by Marziano were done within the scope of his employment.  Compl. Ex. B ¶ 4, ECF No. 1. It clearly alleges that Clark was Marziano's fellow employee at all relevant times, and that all injuries to Clark were sustained in the course of her employment with Bay Design.  See generally Compl. Ex. B, ECF No. 1.

Accordingly, based on the terms of the insurance policy and the allegations of the underlying complaint, the Court FINDS that Marziano is not an "insured" under the Business Policy issued to Frank by State Farm, and that State Farm consequently has no duty to defend Marziano in connection with the underlying state civil action brought against him by Clark.

## 2. Whether the Defendants' Actions Constitute an "Occurrence"

State Farm next contends that the actions of Marziano and Frank, as alleged in Clark's amended complaint, do not constitute a covered "occurrence" inasmuch as their actions were intentional rather than accidental. Pl.'s Mem. in Supp. 14, ECF No. 16. The defendants' responsive brief does not respond on this issue.

As noted above, the policy applies only to "bodily injury" caused by an "occurrence," which in turn is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury." Compl. Ex. C, Business Policy – Special Form 3, at 20, 32, ECF No. 1.

"Under Virginia law, the terms 'accident' and 'occurrence' are synonymous and 'refer to an incident that was unexpected from the viewpoint of the insured.'" Nat'l Fruit Prod. Co. v. Fireman's Fund Ins. Co., 178 F.3d 1285, 1999 WL 270033, at *3 (4th Cir. May 4, 1999) (unpublished per curiam table decision) (quoting Utica Mut. Ins. Co. v. Travelers Indem. Co., 286 S.E.2d 225, 226 (Va. 1982)). Because intentional acts are neither "accidents" nor "occurrences," such conduct does not trigger a liability insurer's duty to defend. See id. (citing Utica Mutual, 286 S.E. 2d at 226). Claims of respondeat superior asserted against an employer for an employee's intentional acts likewise do not impose a duty to defend. See id.; Rockingham Mut. Ins. Co. v. Davis, 58 Va. Cir.

466, 471-74 (2002). "However, allegations that the insured or its agent acted negligently, carelessly, or accidentally caused bodily injury would trigger the policy's coverage." Nat'l Fruit, 1999 WL 270033, at *3; see also S.F. v. W. Am. Ins. Co., 463 S.E.2d 450, 465 (Va. 1995).

As noted above, the Court has concluded that Marziano is not an "insured" under Frank's policy with respect to the underlying state civil action. But even if he were an "insured" under the policy, Clark's amended complaint asserts claims of battery and intentional infliction of emotional distress against Marziano, both of which are intentional torts. These claims against Marziano allege intentional conduct, none of which may constitute an occurrence that might trigger State Farm's duty to defend him, even if he were assumed to be an "insured" under the policy. See Rockingham Mutual, 58 Va. Cir. at 470-71.

With respect to Frank, Clark's amended complaint asserts various intentional torts and a breach of contract claim against him, none of which triggers State Farm's duty to defend. See id. at 470-74; Union Ins. Co. v. Williams Contracting Inc., No. 3:05-cv-00075, 2006 WL 1582405, at *5 (W.D. Va. June 2, 2006) (no duty to defend breach of contract claims).[5] But the final count of

<hr />

[5] The Business Policy issued to Frank in this case contains substantially the same contractual liability exclusion as that discussed in Union Insurance. See Compl. Ex. C, Business Unit-Owners Endorsement (State Farm Form No. FP-6385, dated 5/89)

Clark's amended complaint asserts a claim for negligent hiring and retention, which does trigger State Farm's duty to defend, absent any other defenses to coverage. See Nat'l Fruit, 1999 WL 270033, at *3; S.F., 463 S.E.2d at 465.

Accordingly, based on the terms of the insurance policy and the allegations of the underlying complaint, the Court FINDS that the claims asserted against Marziano allege intentional conduct that does not constitute an "occurrence" under the Business Policy issued to Frank by State Farm, and that State Farm consequently has no duty to defend Marziano in connection with the underlying state civil action brought against him by Clark. However, the Court FINDS that the claims asserted against Frank include a claim for negligent hiring and retention that does in fact constitute an "occurrence" under the Business Policy issued to him by State Farm, and that, in the absence of any other coverage defenses, State Farm would have a duty to defend Frank in connection with the underlying state civil action brought against him by Clark.

## 3. Whether Coverage Is Precluded by the Employment Exclusion

State Farm's third contention is that Clark's alleged injuries arose out of and in the course of her employment, such that coverage is precluded by Business Liability Exclusion No. 5. Pl.'s

(Business Liability Exclusion No. 2 excluding "bodily injury . . . for which the insured is obligated to pay damages . . . by reason of the assumption of liability in a contract or agreement").

Mem. in Supp. 14-18, ECF No. 16. The defendants' responsive brief does not respond on this issue.

As noted above, the policy contains Business Liability Exclusion No. 5, which expressly precludes coverage for "bodily injury . . . to an employee of the insured arising out of and in the course of employment, or the termination of employment, by the insured." Compl. Ex. C, Business Policy – Special Form 3, at 22, ECF No. 1. The exclusion further provides that it "applies whether the insured may be held liable as an employer or in any other capacity." Id.

As noted above, the amended complaint filed by Clark in the underlying state civil action clearly alleges that all acts by Marziano were done within the scope of his employment. Compl. Ex. B ¶ 4, ECF No. 1. It clearly alleges that Clark was an employee of Frank at all relevant times, and that all injuries to her were sustained in the course of her employment. See generally Compl. Ex. B, ECF No. 1.

This Court has previously considered similar policy language and found it to be unambiguous. See Admiral Ins. Co. v. G4S Youth Servs., 634 F. Supp. 2d 605, 614 (E.D. Va. 2009) ("[T]he words 'arising out of and in the course of employment' are not ambiguous . . . ."); see also id. ("The word 'arise' means to originate from a source or come into being. Accordingly, the phrase 'bodily injury arising out of an in the course of

employment' means the injury claimed originated from, or came into being as a result of, the course of [the underlying plaintiff's] employment . . . .") (citation omitted). Indeed, this Court considered the very same exclusion, issued by the very same insurer, in State Farm Fire & Casualty Co. v. Singh, No. 3:05CV834, 2006 WL 1520516 (E.D. Va. May 25, 2006), and held that

> where the allegations of the state action clearly demonstrate that [the underlying plaintiff] was an employee of the insured when the incident occurred, the exclusion for precluding coverage for bodily injury occurring in the course of employment is triggered, which, in simple terms, is intended to preclude coverage for any "in-house" occurrence that would have to be the subject of separate coverage.

Id. at *5; accord State Farm Fire & Cas. Co. v. One Stop Cellular, Inc., No. 4:05-CV-00067, 2006 WL 23583408, at *3-*5 (W.D. Va. Sept. 6, 2006); see also Builders Mgmt. Ins. Co. v. R.G. Mgmt. Servs., Inc., No. 1:08cv383, 2008 WL 4546600, at *3-*4 (E.D. Va. Oct. 7, 2008) (similar exclusion precluded coverage for workplace claims).

The Court has closely reviewed Clark's amended complaint, filed in the underlying state civil action. As pleaded in the amended complaint, all of Clark's alleged injuries originated from, or came into being as a result of, her employment with Bay Design. All of her claims involve the alleged misconduct of Marziano, acting within the course of his employment, or employment-related policies, practices, acts or omissions by Frank, their mutual employer, and all occurred during and in relation to Clark's

employment there, or as a result of the termination of her employment.[6]

Accordingly, based on the terms of the insurance policy and the allegations of the underlying complaint, the Court FINDS that the claims asserted against Marziano and Frank allege bodily injuries that originated from, or came into being as a result of, Clark's employment with Bay Design, such that these claims are precluded from coverage by Business Liability Exclusion No. 5 of the Business Policy issued to Frank by State Farm, and that State Farm consequently has no duty to defend Marziano or Frank in connection with the underlying state civil action brought against them by Clark.

*    *    *

Having considered the terms of the insurance policy and the allegations of the underlying complaint, and finding that State

_____

[6] Moreover, even if any of Clark's claimed injuries might be construed to have occurred outside the course of her own employment with Bay Design, the Court notes that Business Liability Exclusion No. 5 also precludes coverage for "bodily injury . . . arising out of any . . . termination of employment; . . . coercion, . . . harrassment [sic], humiliation, discrimination, or other employment-related practices, policies, acts or omissions; or . . . consequential bodily injury as a result of [the foregoing]." Compl. Ex. C, Business Policy - Special Form 3, at 22, ECF No. 1. The underlying complaint clearly and unequivocally alleges that: "All of Marziano's acts and omissions . . . were done within the course and scope of his employment with the defendant Frank." Compl. Ex. B ¶ 4 (emphasis added), ECF No. 1. Coverage is therefore precluded in any event, because Clark's claimed injuries clearly originated from, or came into being as a result of employment-related coercion, harassment, humiliation, or other employment-related practices, policies, acts or omissions.

- 27 -

Farm has no duty to defend either Frank or Marziano in connection with the underlying state civil action brought against them by Clark, the Court recommends that Plaintiff's Motion for Summary Judgment (ECF No. 15) be GRANTED and the Court enter an order granting each of the three declarations requested in the plaintiff's Complaint for Declaratory Judgment (ECF No. 1).

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendants' Cross-Motion for Summary Judgment (ECF No. 19) be DENIED, Plaintiff's Motion for Summary Judgment (ECF No. 15) be GRANTED, and that the Court enter an order granting each of the three declarations requested in the plaintiff's Complaint for Declaratory Judgment (ECF No. 1).

## V. REVIEW PROCEDURE

By copy of this Report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this Report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

2.    A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.    See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.    Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


_____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 20, 2011

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to the following:

Guy M. Harbert, III, Esq.
Macel H. Jonoschka, Esq.
Gentry Locke Rakes & Moore LLP
10 Franklin Rd. S.E., Ste. 800
P.O. Box 40013
Roanoke, VA 24022-0013
    *Counsel for plaintiff State*
    *Farm Fire & Casualty Company*

SuAnne Hardee Bryant, Esq.
Davis Law Group PC
516 Baylor Ct.
Chesapeake, VA 23320
    *Counsel for defendants Jonathan*
    *E. Frank and Moti Marziano*

Natalie Clark
8772 Adams Drive, E
Suffolk, VA 23434
    *Defendant pro se*

                         Fernando Galindo,
                         Clerk of Court

By:  _____
     Deputy Clerk

     April 2/ , 2011